Leroy **CARHART, M.D., William G. Fitzhugh, M.D., William H. Knorr, M.D., and Jill L. Vibhakar, M.D., on behalf of themselves and the patients they serve, Plaintiffs,**

v.

**John ASHCROFT, in his official capacity as Attorney General of the United States, and his employees, agents and successors in office, Defendant.**

No. 4:03 CV 3385.

United States District Court,
D. Nebraska.

Nov. 13, 2003.

Janet L. Crepps, Nan E. Strauss, Priscilla J. Smith, Suzanne Novak, Center for Reproductive Rights, New York, NY, Jerry M. Hug, Omaha, NE, for Plaintiffs.

Andrew I. Warden, Anthony J. Coppolino, Preeya M. Noronha, Terry M. Henry, U.S. Department of Justice, Civil Division—Federal Programs Branch, Washington, D.C., Paul D. Boeshart, Assistant United States Attorney, Lincoln, NE, for Defense.

**MEMORANDUM AND ORDER**

KOPF, Chief Judge.

On November 11, 2003, I held a telephone conference with counsel to discuss scheduling the preliminary injunction hearing and trial; case progression issues; and whether the court should retain its own experts. Next, I briefly summarize our discussion. After that, I enter an order implementing the decisions reached at the conference.[1]

Previously, I advised counsel that my staff had contacted the Federal Judicial Center, an educational arm of the federal judiciary, to request assistance on the question of whether and how the court might retain its own experts. *See* Federal Judicial Center, *Reference Manual on Scientific Evidence* 59–63 (2d ed.2000) (discussing the use of court-appointed experts). The FJC referred my staff to the American Association for the Advancement of Science (AAAS).

The AAAS has created "Court Appointed Scientific Experts" (CASE), a demonstration project designed solely to assist federal judges who desire to engage independent experts having scientific backgrounds. Without a fee, AAAS, through CASE, agreed to help me select one or more independent experts to consider the issues in this case if that is what I decided to do.

Earlier, I informed counsel of my thoughts and solicited their views. At our telephone conference, counsel for the plaintiffs and counsel for the defendant agreed that I should *not* retain my own experts. They expressed various well-considered reasons for their opposition.[2] I appreciate their thoughtful comments. For the time being, I agreed not to engage my own experts.

We also discussed whether to have a preliminary injunction hearing and a trial on the merits or whether to collapse the two. The parties agreed to hold only one hearing, and to continue the temporary restraining order provided that I set the trial within about 120 days. I agreed to do so, and we selected a trial date convenient for both sides.

Finally, we discussed progression of the case. I advised the parties that it is *unlikely* that I will decide the case without a trial. In other words, I see little or no reason for the submission of motions to

---

1. I commend counsel for their candor and cooperation.

2. It should be noted, however, that none of the lawyers expressed any problem with AAAS or the CASE project.

dismiss or for summary judgment. With the foregoing in mind, we agreed on a pretrial conference date and discussed other scheduling issues. The lawyers thought they could agree on a progression order if given an opportunity to privately consult with one another, and we set a deadline for the lawyers to submit such an order for my consideration.[3]

IT IS ORDERED that:

1. For the time being, the court has decided that it will not retain its own experts. That said, the court thanks the American Association for the Advancement of Science, and the "Court Appointed Scientific Experts" project, for their outstanding service to the interests of science and justice.

2. By agreement, the temporary restraining order (filing 24) is continued until further order of the court.

3. By agreement, a non-jury trial on the merits is scheduled for ten trial days starting on Monday, March 29, 2004.

4. By agreement, the pretrial conference is scheduled for 1.5 hours starting at 10:30 A.M. in the chambers of the undersigned on Monday, March 22, 2004.

5. By Friday, November 21, 2003, counsel shall jointly submit an agreed progression order for consideration by the undersigned. If agreement cannot be reached, the parties shall jointly submit such agreement as is possible and an impartial description of those areas for which agreement cannot be reached.

---

**3.** After the conference, I instructed one of my law clerks to call counsel and tell them that I would like to receive copies of all the expert disclosures as soon as they are completed. Those disclosures should be filed in the court file.